RITA W. GRUBER, Chief Judge
A Woodruff County jury found appellant Aaron Dewayne Watson guilty of theft of property in excess of $25,000 and commercial burglary. He was sentenced by the jury to six years in prison for each offense with the sentences to run consecutively. On appeal, appellant argues that the circuit court erred by failing to suspend court proceedings and order a mental evaluation *90 to determine his fitness to proceed at trial. We reverse and remand.
On May 31, 2013, the State charged appellant with theft of property in violation of Ark. Code Ann. § 5-36-103 and commercial burglary in violation of Ark. Code Ann. § 5-39-201, both of which were alleged to have occurred on April 22, 2013. Appellant's first trial resulted in a mistrial. The second trial was held in March 2016. The sentencing order was filed on March 2, 2016, and appellant filed a timely notice of appeal on April 1, 2016.
Appellant's arguments on appeal relate only to his requests for a mental evaluation and the circuit court's denial of the requests. The circuit court entered two orders denying his motion for mental evaluation. In the first order entered January 22, 2015, the court denied the motion and found that appellant was competent to proceed to trial. The second order entered on July 17, 2015, denied the motion and also stated that appellant was competent to proceed to trial. Both orders indicate that appellant was represented by counsel; however, the second order was prepared by Teresa Bloodman, who was permitted to withdraw as indicated by an order entered on January 22, 2015, and was entered at a time when appellant represented himself.
After the record on appeal was lodged, appellant's subsequent counsel filed a motion to be relieved and Robert Golden was appointed by this court to represent appellant. Golden filed a motion to remand to settle the record "with regard to the requests and denials of appellant's motion for a mental evaluation." The motion provided that the record contained two orders denying appellant's motions for mental evaluations; the record did not contain any written motions for mental evaluations or a transcript of any hearing where a motion was made orally; the circuit clerk searched for any written filings that may have been left out of the record on appeal, and none were found; and Golden contacted Alvin Simes, previous counsel for appellant, along with Teresa Bloodman, who informed him that his memory was that the request for mental evaluation was made during a telephone conference with the court and it was not on the record. We granted appellant's motion to remand to settle the record.
Upon remand, the trial court held a hearing on August 29, 2017. Appellant, Golden, and the prosecutor John Bell were present at the hearing. Golden stated that when the second trial was set to begin on December 15, 2014, appellant was represented by Bloodman and Simes. Golden indicated that he spoke to Simes, who provided a copy of a motion filed December 11, 2014. This motion, entitled "Notice Pursuant to Ark. Code Ann. § 5-2-304 and Motion for Evaluation," was introduced at the hearing. Golden stated that he assumed this was the motion the court denied when it signed the order January 3, 2015. The order was filed on January 22, 2015. The court permitted Bloodman and Simes to be relieved as counsel on January 3, 2015, as indicated by the order entered January 22, 2015.[1]
At the remand hearing, the circuit court recalled a telephone conversation with appellant. Appellant was sworn under oath and the following colloquy took place:
THE COURT : Sorry to have to put you under oath, but since we're going to be, and you're not the attorney, we need to talk to you.
*91 That's the way I recall it, that Mr. Simes filed something and this was, I was in my office and I received a telephone call, as I recall.
DEFENDANT WATSON : Sir, I sir-
THE COURT : And you did not want a mental evaluation, at the time. DEFENDANT WATSON : -sir, I can't recall. All I can remember is it was me, Mr. Bell, cause he was on the computer, you was on your phone, and Alvin Simes contacted Bloodman, they, neither one of them was present. That's all I can recall, sir.
THE COURT : Okay. And, and so that was part of their, their Motion to Withdraw. And as I recall Mr. Watson was probably then representing himself and he did not want it.
And I, and I just wanted to clear the record by saying here, here's the Order.
I think it was the same day I filed or sent an Order stating that Ms., that the counsel would be relieved, cause Mr. Watson was telling me he wanted to represent himself.
MR. BELL : That-
THE COURT : I'm sitting in my office without a court reporter. And so that's the way I recall that.
The second one, I believe that Mr. Watson sent a letter, while we were trying to schedule this case, and we're trying to get us a date and it was a letter and he then decided that he would like to have a mental evaluation.
And so it was so close to the time that we were trying to get this-and there were things going on, he was wanting to use the law library and he was wanting to represent himself and this was in those-and, and I was getting these telephone calls at the office and I didn't have a court reporter.
So the best I can recall I wanted to clear up the record that I had denied his, what I think was a letter stating that he wanted a mental evaluation. I don't know if that letter was ever filed or not.
Now, with regard to the, this Notice Pursuant to Arkansas Code Annotated 5-2-304, which was filed December the 11th, 2014. I have no idea why that's not included in the record.And so I think you've made a record that this is here and it shows file marked. So, and I do not know why, I do not know why the clerk did not include this in the record, or if it's in the record now or not.
But now it's-
MR. GOLDEN : -now it's in the record.
THE COURT : -now it's in the record. And that's the best I can recall, because it's been a couple of years and-
[DEFENDANT] WATSON : I agree, Your Honor.
THE COURT : and that's the best that I can do to come up with something to clear up the record.
Bell recalled the January 3 telephone conference, and his explanation was that Simes was basically saying, "Our client needs a mental evaluation or we need to withdraw." Bell indicated that appellant was saying, "I want a lawyer because the court told me I could not represent myself last time. I don't want a mental evaluation because I want to go to trial so I can get out of jail, if I win. And if you'll allow my attorneys to withdraw, then I'm going to waive my mental evaluation."
Bell told the circuit court that he had a problem with the orders because there was a spot for his approval, which was not given. He elaborated that had Bloodman, who prepared the orders, asked for his approval, he would have told her she needed to change the orders to indicate that *92 the motion was withdrawn, rather than stating that the court made a competency finding.
Mr. Golden told the court that appellant did not recall withdrawing the motion and asking not to have a mental evaluation at the telephone conference. The following colloquy took place:
MR. BELL : Let me ask this: Are you making a specific finding of fact that Mr. Simes and Ms. Bloodman withdrew and that subsequent to their withdrawal, in an off the record conversation, at which counsel for the State and the defendant were present, Mr. Watson orally withdrew his Motion for Evaluation?
THE COURT : That's what I recall for one. But not, the other one was just a letter from Mr. Watson. I don't think there was any motion filed, to the best of my-
The circuit court did not issue any order following the remand hearing.
This court will not reverse a circuit court's decision to deny a defendant's request for a mental evaluation unless that decision was clearly erroneous. King v. State , 2014 Ark. App. 81, at 5, 432 S.W.3d 127, 130-31. A criminal defendant is ordinarily presumed to be mentally competent to stand trial, and the burden to prove otherwise is on the defendant. Id. The test of competency to stand trial is whether a defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational and factual understanding of the proceedings against him. Id.
On appeal, appellant challenges two pretrial orders denying his motions for a mental evaluation. The Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial. Medina v. California , 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). This principle is codified at Ark. Code Ann. § 5-2-302(a) (Repl. 2013), which provides that a person lacking the capacity to understand the proceedings against him or to assist effectively in his defense as a result of mental disease or defect shall not proceed to trial so long as the incapacity endures. The statutory procedures to be followed when a defendant raises the issues of "mental disease or defect" or "fitness to proceed" were previously found in Ark. Code Ann. § 5-2-305 (Supp. 2011 & Repl. 2013).[2] Arkansas Code Annotated section 5-2-305 was amended during the 2013 legislative session. The offenses for which appellant was charged occurred in April 2013, prior to the amendment. Regardless of which version of the statute applies, we hold that the circuit court clearly erred in denying appellant's motion for mental evaluation.
In this case, there is an insufficient record brought up on appeal to determine what transpired in the circuit court. When the record was originally lodged on appeal, all it contained with regard to appellant's requests for mental evaluation was the two orders entered by the circuit court denying appellant's requests for a mental evaluation and also finding him competent to proceed without any findings. Upon our remand to settle the record, the hearing accomplished nothing definitive except that Golden obtained from Simes one motion requesting a mental evaluation. This motion was entitled "Notice Pursuant to Ark. Code Ann. § 5-2-304 and Motion for Evaluation" and was filed December 11, 2014, at which time appellant was represented *93 by Bloodman and Simes. The motion itself indicated that appellant had filed a motion for continuance on his own behalf, which counsel viewed as a motion to proceed pro se. Neither Simes nor Bloodman was present at the hearing to supplement the record. Golden stated that he assumed this motion was the one the court decided on January 3, 2015, which was later filed on January 22, 2015. The circuit court signed the order relieving Bloodman and Simes on January 3, 2015, which was also filed on January 22, 2015. The circuit court recalled that it was at this time that appellant was on the telephone and had stated that he did not want a mental evaluation. Appellant told the circuit court he could not recall that statement. After the circuit court described what it remembered to have occurred and noting that the December 11, 2014 motion would now be part of the record, the circuit court acknowledged that this was the best it could recall because it had been a couple of years.
Bell recalled the January 3, 2015 telephone conference. He explained that Simes was of the position that appellant needed a mental evaluation or counsel needed to withdraw. Bell also thought that appellant did not want an evaluation, and if his counsel was allowed to withdraw, he would waive the mental evaluation. Bell stated that both the orders entered by the circuit court should have stated that appellant had withdrawn the motion for mental evaluation. At the remand hearing, appellant did not recall withdrawing his request for mental evaluation.
With respect to the entry of the second order on July 17, 2015, the only information gleaned from the hearing was that the circuit court thought the second motion had been requested in a letter sent to him by appellant.
Although the circuit court attempted to settle the record, we are left with nothing upon which to make a determination of the issues on appeal. Pursuant to Administrative Order No. 4 of the Arkansas Supreme Court, "[u]nless waived on the record by the parties, it shall be the duty of any circuit court to require that a verbatim record be made of all proceedings ... pertaining to any contested matter before the court or the jury." Ark. Sup. Ct. Admin. Order No. 4. It has also been held that it was error for the circuit court to not make a verbatim record of an in-chambers conference. Robinson v. State , 353 Ark. 372, 108 S.W.3d 622 (2003). In Robinson , the supreme court explained that failure to make a verbatim record puts the appellate court at a considerable disadvantage in reviewing points on appeal pertaining to unrecorded hearings and that "henceforth" Administrative Order No. 4 will be strictly construed and applied. Id. at 378, 108 S.W.3d at 625.
The circuit court's attempt to settle the record upon remand was unsuccessful. The recollections of what had taken place were not definitive, and a filed, written order has not been provided. There is nothing in the record or supplemented record to determine upon what basis the circuit court made its decision to deny the mental evaluation and to find appellant competent to proceed. Based on the lack of record before us, we hold that the circuit court clearly erred in denying appellant's motion for mental evaluation.
Reversed and remanded.
Whiteaker and Hixson, JJ., agree.

Appellant proceeded pro se until November 16, 2015, when Danny Glover filed an entry of appearance.

Arkansas Code Annotated section 5-2-305 was repealed during the 2017 legislative session, and is now codified at Ark. Code Ann. §§ 5-2-327 to -328 (Supp. 2017).